**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORNERSTONE STAFFING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEBER, SHAPIRO & COMPANY, LLP and SCOTT SHAPIRO, <br><br> Defendants. | Civil Action No: 18-3441-SDW-CLW <br><br> **OPINION** <br><br><br> November 8, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendants Weber, Shapiro & Company LLP ("Weber") and Scott Shapiro's ("Shapiro") (collectively, "Defendants") Motion to Dismiss Plaintiff Cornerstone Staffing Solutions, Inc.'s ("Cornerstone" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **DENIED**.

---

[1] Defendants fail to identify the rule under which they bring their motion, so this Court deems it to be a motion to dismiss pursuant to 12(b)(6). To the extent that Defendants seek to move for judgment on the pleadings pursuant to Rule 12(c), the standard of review is the same. *See, e.g., Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017) (stating that a "motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion").

1

## I. BACKGROUND AND PROCEDURAL HISTORY

In December 2015, Cornerstone, a California corporation, agreed to purchase certain business assets[2] from non-parties Valtech Services, Inc. and Valtech Solutions, Inc. (collectively, "Valtech")[3] for $1.9 million. (Dkt. No. 1 ¶¶ 1, 9-13, 22.) The terms of the purchase were set out in an Asset Purchase Agreement ("APA"), and included a term obligating Cornerstone to pay an Initial Payment Adjustment ("IPA") if "the 2015 EBITDA" for the purchased assets "exceeded a contractually defined target based on audited financial statements." (*Id.* ¶¶ 1-2, 20-22.)

Defendants "served as Valtech's accountants during the APA transaction." (*Id.* ¶¶ 1-2.) Plaintiff alleges that Defendants prepared "false and misleading income statements" that: 1) "induced Cornerstone to overpay for the [a]ssets Cornerstone acquired in the APA transaction," and 2) formed the basis of a "materially false and misleading IPA demand" of $1,791,524.00. (*Id.* ¶¶ 1-2, 14-32.) Plaintiff further alleges that Defendants "actively participated in Valtech's wrongful withholding of hundreds of thousands of dollars in customer payments that are owed to Cornerstone under the APA." (*Id.* ¶¶ 3, 34-42.) The Complaint briefly notes that the false income statements and "the flawed IPA calculation" form the basis of a separate suit brought by Valtech against Cornerstone in "litigation pending in Dallas County, Texas," but does not detail the precise nature of the suit or the claims being pursued. (*Id.* ¶ 2.)

On March 12, 2018, Plaintiff filed a five-count Complaint against Defendants in this Court for fraud, fraudulent inducement, negligent misrepresentation, conspiracy, and professional negligence. (Dkt. No. 1.) Defendants moved to dismiss, arguing that Plaintiff's claims had already been adjudicated in Texas state court and are, therefore, barred by the doctrines of *res judicata* and

---

[2] The assets were a "legacy IT staffing business." (Dkt. No. 1 ¶ 10-11.)

[3] Both entities are subsidiaries of Valtech S.E. (Dkt. No. 1 ¶ 9-11.)

collateral estoppel. (Dkt. No. 12.) All briefing on the motion was completed as of September 24, 2018. (Dkt. Nos. 13, 14.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

In conducting its analysis, the Court may only consider the contents of the complaint. Although the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion" to one for summary judgment, *In re Rockefeller Ctr. Props. Sec. Litig.,* 184 F.3d 280, 287 (3d Cir. 1999), those materials are limited to those "*integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted, emphasis in original); *see also In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017).

## III.   DISCUSSION

"Res judicata,[4] or claim preclusion, bars a party from pursuing a second suit against the same adversary based on the same cause of action." *DVL, Inc. v. Congoleum Corp.*, Civ. No. 17-4261, 2018 WL 4027031, at *5 (D.N.J. Aug. 23, 2018); *see also In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).[5] The doctrine of collateral estoppel, or issue preclusion, similarly attempts to promote judicial efficiency by preventing "a party from relitigating issues that were adjudicated in a prior lawsuit." *Ali v. Univ. Corr. Health Care*, Civ. No. 17-1285, 2018 WL 3158811, at *2 (D.N.J. June 28, 2018); *see also Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997).[6]

---

[4] Defendants also incorporate New Jersey's Entire Controversy Doctrine, which is "essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles," in their claim preclusion arguments. (Dkt. No. 12-1 at 12-14.)

[5] "A party seeking to invoke res judicata must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *McLaughlin v. Bd. of Tr. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *Mullarkey*, 536 F.3d at 225).

[6] "[A] party seeking to invoke the doctrine of collateral estoppel must demonstrate that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Ali,* 2018 WL 3158811 at *3.

Affirmative defenses such as *res judicata* and collateral estoppel are generally only permitted to be raised in an Answer, *see* Fed. R. Civ. P. 8(c), and may only be considered on a motion to dismiss if they are "apparent on the face of the complaint" and no development of the record is necessary. *Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *see also DVL*, 2018 WL 4027031 at *5; *Weirton Med. Ctr., Inc. v. Cerner Health Servs., Inc.*, Civ. No. 17-347, 2018 WL 4560737, at *6 (W.D. Pa. Aug. 17, 2018), report and recommendation adopted sub nom. *Weirton Med. Ctr. v. Cerner Health Servs., Inc.*, Civ. No. 17-347, 2018 WL 4539602 (W.D. Pa. Sept. 21, 2018)

Here, the applicability of *res judicata* and collateral estoppel are not clear from the face of the Complaint and any analysis of those doctrines would require this Court to consider numerous documents not properly before it. First, the Complaint only briefly mentions litigation in Texas state court and only to support a general statement that Defendants had acted wrongfully. (Dkt. No 1 ¶ 2.) It is only in Defendants' opposition brief that details of that litigation are addressed. Second, any analysis of Defendants' arguments necessitates an expansion of the record, as evidenced by the materials Defendants attach to their brief, including deposition transcripts, pleadings, and a jury charge/verdict sheet. Such an expansion is inappropriate on a motion to dismiss and will not be considered.[7] *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that materials not "*integral to or explicitly relied upon* in the complaint" are not to be considered on a motion to dismiss) (internal citations omitted, emphasis in original). As a result, Defendants' motion to dismiss will be denied.

---

[7] Defendants are free to raise these issues in a later motion for summary judgment when the record is fully developed and the Court may properly engage in the type of intensive factual analysis that preclusion and estoppel arguments warrant.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

                                                                               /s/ Susan D. Wigenton  
                                                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:          Clerk  
cc:            Cathy L. Waldor, U.S.M.J.  
               Parties